**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RCN TELECOM SERVICES, INC., ) <br> RCN-BECOCOM, LLC, ) <br> STARPOWER COMMUNICATIONS, ) <br> LLC, ) <br> RCN TELECOM SERVICES OF ) <br> WASHINGTON, D.C., INC., ) <br> RCN TELECOM SERVICES OF ) <br> MASSACHUSETTS, INC., ) <br> RCN TELECOM SERVICES OF ) <br> PHILADELPHIA, INC., AND ) <br> RCN TELECOM SERVICES OF ) <br> ILLINOIS, LLC, ) <br> ) <br>         Plaintiffs, ) <br> ) <br>   v. ) <br> ) <br> AT&T CORP., ) <br> ) <br> AT&T COMMUNICATIONS, INC., ) <br> ) <br> AND DOES 1-20, ) <br> ) <br>         Defendants. ) <br> ) | Case No. 05-CV-1416-ESH |

**ANSWER TO COUNTERCLAIM**

Plaintiffs RCN Telecom Services, Inc.; RCN-Becocom, LLC; Starpower Communications, LLC; RCN Telecom Services of Washington, D.C., Inc.; RCN Telecom Services of Massachusetts, Inc.; RCN Telecom Services of Philadelphia, Inc.; and RCN Telecom Services of Illinois, LLC (together, "Plaintiffs"), for their answer to the counterclaim filed by Defendant AT&T Corp., state as follows:

All allegations not specifically admitted are denied.

**JURISDICTION AND VENUE**

1. These Counterclaims are filed in part to collect damages caused by illegal acts of RCN, a common carrier subject to the Communications Act of 1934, as amended by the

Telecommunications Act of 1996.  These Counterclaims therefore arise under Section 206 of the Communications Act of 1934, 47 U.S.C. §206, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337, and 47 U.S.C. § 207.  In addition, this Court has jurisdiction over AT&T's state-law counterclaims pursuant to 28 U.S.C. § 1367.

**ANSWER NO. 1:**    Plaintiffs admit that it they are common carriers subject to the Communications Act of 1934, as amended by the Telecommunications Act of 1996, and that the Court has jurisdiction over AT&T's claims under 28 U.S.C. §§1331, 1337 and 1367.  All other allegations in paragraph 1 are denied.

2.    Personal jurisdiction is appropriate in this district because RCN has agents and property in the District of Columbia and RCN routinely transacted business in this district.

**ANSWER NO. 2:**    Admitted.

3.    To the extent that the Court finds that venue is proper in this district regarding the claims in RCN's complaint, then venue is proper in this judicial district under 28 U.S.C. § 1391(b) because RCN has agents that transact business in the district.

**ANSWER NO. 3:**    Admitted.

## PARTIES

4.    Defendant/Counterclaim Plaintiff AT&T Corp. is a New York corporation with its principal place of business in Bedminster, New Jersey.  AT&T Corp. provides, among other things, telecommunications services throughout the United States, including in the District of Columbia.

**ANSWER NO. 4:**    Admitted, on information and belief.

5.    The Plaintiffs/Counterclaim Defendants are RCN Telecom Services, Inc., RCN Telecom Services of Philadelphia, Inc., RCN Telecom Services of Massachusetts, Inc., RCN-BecoCom, LLC, RCN Telecom Services of Washington, D.C., Inc., Starpower Communications, LLC, and RCN Telecom Services of Illinois, LLC.

**ANSWER NO. 5:**    Admitted.

6.    The principal place of business of RCN Telecom Services of Illinois, LLC is 350 N. Orleans St., Suite 600, Chicago, IL 60654.  The principal place of business of all other Plaintiffs/Counterclaim Defendants is 105 Carnegie Center, Princeton, NJ 08540.

**ANSWER NO. 6:**    Admitted.

7.    RCN Telecom Services, Inc. is a Pennsylvania corporation that provides telecommunications services in metropolitan areas in Pennsylvania (except for metropolitan

Philadelphia), California, and New York.

**ANSWER NO. 7:**   Admitted.

8.   RCN Telecom Services of Philadelphia, Inc. is a Pennsylvania corporation that provides telecommunications services in metropolitan Philadelphia, Pennsylvania.

**ANSWER NO. 8:**   Admitted.

9.   RCN Telecom Services of Massachusetts, Inc. is a Massachusetts corporation that is licensed to provide telecommunications services in Massachusetts.

**ANSWER NO. 9:**   Admitted.

10.   RCN-BecoCom, LLC, is a Massachusetts limited liability company that provides telecommunications services in Massachusetts.

**ANSWER NO. 10:**   Admitted.

11.   RCN Telecom Services of Washington, D.C., Inc. is a District of Columbia corporation that is licensed to provide telecommunications services in the District of Columbia.

**ANSWER NO. 11:**   Admitted.

12.   Starpower Communications, LLC, is a Delaware limited liability company that provides telecommunications services in Washington, D.C. and the surrounding metropolitan area, including communities in suburban Maryland and Northern Virginia.

**ANSWER NO. 12:**   Admitted.

13.   RCN Telecom Services of Illinois, LLC, is an Illinois limited liability company that provides telecommunications services in the city of Chicago, Illinois, and surrounding areas.

**ANSWER NO. 13:**   Admitted.

## BACKGROUND

14.   RCN seeks, through this proceeding, to collect millions of dollars in access charges with respect to phone-to-phone IP telephony service and enhanced prepaid service calls that AT&T delivered to RCN during the past several years. AT&T delivered phone-to-phone IP telephony service and enhanced prepaid service calls to RCN for completion to the called parties. AT&T paid all applicable charges for RCN's completion of those calls. With respect to the phone-to-phone IP telephony service and certain of the enhanced prepaid service calls at issue, RCN now contends that AT&T should have paid higher access charges set forth in the RCN contract or RCN's federal and state access tariffs. With respect to certain other enhanced prepaid service calls at issue, RCN alleges that AT&T should have paid the higher intrastate access charge rates, and not the lower interstate access charge rates, set forth in the RCN contract or RCN's federal and state access tariffs. In particular, RCN alleges that it is entitled to collect additional access charges under the RCN contract and various state and federal access tariffs.

**ANSWER NO. 14:**  Plaintiffs deny the allegations of the third sentence of paragraph 14, deny the characterization of the telephone calls at issue in its Complaint as "phone-to-phone IP telephony service and enhanced prepaid service calls," and otherwise admit the allegations of paragraph 14.

15.  AT&T denies that it has any liability to RCN under the RCN contract or RCN's federal and state access tariffs in connection with the phone-to-phone IP telephony service and enhanced prepaid service calls that RCN terminated.  In the event it is determined that AT&T has liability for access charges under the RCN contract or RCN's federal and state access tariffs, however, AT&T counterclaims that any contract or federal and state access tariff provisions determined to require AT&T to pay access charges on the past period phone-to-phone IP telephony service and enhanced prepaid service calls that are the subject of this lawsuit are unjust, unreasonable and discriminatory in violation of the federal Communications Act and state law.  Among other things, it would be unjust, unreasonable and discriminatory for RCN to collect additional access charges under its contract or tariffs when RCN has not issued any bills for such charges to AT&T (as required by the RCN contract or its own access tariffs as a condition precedent to payment obligations), AT&T has not refused to pay such bills, RCN has offered AT&T other services and has accepted, without protest, AT&T's payments for those different services, AT&T has relied upon these arrangements to make substantial investments in infrastructure, AT&T has complied in all material respects with the terms of the tariffs and contracts under which it exchanged this traffic with RCN, and RCN has not (until years after the fact) sought retroactive payment of access charges under its federal and state access tariffs.

**ANSWER NO. 15:**  Denied.

16.  RCN is a common carrier, public utility and public service corporation within the meaning of the Communications Act and state law, respectively, and it acts in these capacities to the extent it provides access services to AT&T.

**ANSWER NO. 16:**  Admitted.

17.  Sections 201 and 202 of the Communications Act and analogous state statutes deem illegal all "unjust" "unreasonable" and "discriminatory" charges and practices by common carrier.  *See, e.g.,* 47 U.S.C. §§ 201, 202.  Retroactive imposition and collection of access charges under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these laws, and the RCN contract and RCN's access charge tariff provisions are unjust, unreasonable and discriminatory to the extent that they are deemed to apply to the phone-to-phone IP telephony service and enhanced prepaid service calls at issue in this case.

**ANSWER NO. 17:**  The first two sentences are characterizations and conclusions of law for the Court to reach.  The third sentence is denied.  To the extent that a response is necessary, all allegations are denied.

## COUNT I

**(Violating 47 U.S.C. §§ 201 and 202 by Retroactive Imposition of Access Charges)**

18. AT&T incorporates the preceding paragraphs of the Counterclaims as if set forth here.

**ANSWER NO. 18:** Plaintiffs incorporate by reference their answers to the preceding paragraphs of the Counterclaim as if set forth herein.

19. Under federal law, unjust, unreasonable and discriminatory tariff provisions are unlawful. Moreover, it is unlawful for a common carrier to impose unjust, unreasonable or discriminatory charges or to engage in unjust, unreasonable or discriminatory practices, including unjust or unreasonable applications of its tariffs. 47 U.S.C. §§ 201, 202. To the extent that they are deemed to require payment of access charges on the past period phone-to-phone IP telephony service and enhanced prepaid service calls at issue in this case, the contract and federal access tariff provisions that RCN asserts here are unjust, unreasonable and discriminatory and impose unjust, unreasonable and discriminatory charges in violation of the Communications Act. Retroactive imposition of access charges under the RCN contract and RCN's federal access tariffs under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of the Communications Act, and would cause substantial damage to AT&T.

**ANSWER NO. 19:** AT&T's statements in its paragraph 19 are conclusions of law to which no response is required. To the extent that a response is necessary to the third and fourth sentences, those allegations are denied.

## COUNT II

**(Violating State Law Prohibitions Against Unjust, Unreasonable And Nondiscriminatory Tariffs, Charges And Practices by Retroactive Imposition of Access Charges)**

20. AT&T incorporates the preceding paragraphs of the Counterclaims as if set forth here.

**ANSWER NO. 20:** Plaintiffs incorporate by reference their answers to the preceding paragraphs of the Counterclaim as if set forth herein.

21. Under state law, unjust, unreasonable and discriminatory contracts and tariff provisions are unlawful. Moreover, it is unlawful for a common carrier to impose unjust, unreasonable and discriminatory charges or to engage in unjust, unreasonable or discriminatory practices. To the extent that they are deemed to require payment of access charges on the past period phone-to-phone IP telephony service and enhanced prepaid service calls at issue in this case, the RCN contract and RCN's state access tariffs are unjust, unreasonable and discriminatory and impose unjust, unreasonable and discriminatory charges in violation of these

state laws. Retroactive imposition of access charges under the RCN contract and RCN's state access tariffs under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these state laws, and would cause substantial damage to AT&T.

**ANSWER NO. 21:** AT&T's statements in its paragraph 21 are conclusions of law to which no response is required. To the extent that a response is necessary to the third and fourth sentences, those allegations are denied.

## ANSWER TO PRAYER FOR RELIEF

Plaintiffs deny that AT&T is entitled to any of the relief it seeks.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

AT&T's Counterclaim is barred because it fails to state claims upon which relief can be granted.

### Second Affirmative Defense

AT&T's Counterclaim is barred because AT&T engaged in fraud.

### Third Affirmative Defense

AT&T's Counterclaim is barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

AT&T's Counterclaim is barred by the filed tariff doctrine to the extent that its claims rely upon an assertion that RCN's tariffs are unjust, unreasonable, unlawful or otherwise inapplicable.

### Fifth Affirmative Defense

AT&T's Counterclaim is barred by the doctrines of waiver and estoppel.

### Sixth Affirmative Defense

AT&T's Counterclaim is barred by its failure to mitigate damages.

### Seventh Affirmative Defense

AT&T's Counterclaim is barred by the doctrine of unjust enrichment.

### Eighth Affirmative Defense

AT&T's Counterclaim is barred because of its prior breach of its obligations under RCN's tariffs and contracts.

### Ninth Affirmative Defense

AT&T's Counterclaim is barred by its failure to act in a commercially reasonable manner.

### Tenth Affirmative Defense

AT&T's Counterclaim is barred to the extent that the claims are outside the applicable statutes of limitations.

September 14, 2005                                        Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Eric J. Branfman
　　　　　　　　　　　　　　　　　　　　　Eric J. Branfman (D.C. Bar No. 164186)
　　　　　　　　　　　　　　　　　　　　　Joshua M. Bobeck (D.C. Bar No. 443620)
　　　　　　　　　　　　　　　　　　　　　Anitra D. Goodman (D.C. Bar No. 484434)
　　　　　　　　　　　　　　　　　　　　　SWIDLER BERLIN LLP
　　　　　　　　　　　　　　　　　　　　　3000 K Street, NW, Suite 300
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20007
　　　　　　　　　　　　　　　　　　　　　202-424-7500

　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon the attorneys of record for Defendants via first-class mail, postage prepaid, on this 14th day of September, 2005, as follows:

> David M. Schiffman
> Sidley Austin Brown & Wood LLP
> Bank One Plaza, 10 South Dearborn
> Chicago, IL 60603

>     /s/ Anitra D. Goodman
>     **Attorneys for Plaintiffs**

9244002v1